Nash, J.
 

 It is apparent upon the face of the bill, that it cannot be sustained; that, in this stage of the plaintiff’s controversy with N. B. Taylor, he has no right to ask the aid of this Court. His allegation is that he has paid money for and on account of the defendant, as his surety to John Murphey. If this be so, he has a clear legal remedy,
 
 *227
 
 which a Court of common law is fully competent to enforce, and it is only after he has established his claim by the judgment of such Court, that he can claim the aid of this, either to make his execution at law effectual, orto give him a decree in the nature of an execution. A Court of Equity never interferes in behalf of a mere legal demand, until tho creditor has tried the legal remedies and found them ineffectual.,
 
 Rambaut, German & Co.
 
 v.
 
 Mayfield
 
 &
 
 Davis,
 
 1 Hawks 85. The creditor must reduce his debt to judgment, and, in general, take out execution, that it may appear by demanding property of the defendant and the, return of
 
 nulla Iona,
 
 that salisfaetion can not be had at law. In this case the plaintiff states, that he has sued N. B. Taylor at law for this debt., and consequently, in the shape of bail, has his debt assured to him. The application is not to call in the aid of the Court to secure property, the title to which is in a state of controversy at law, but to compel the defendant to give security for the payment of what may be found due to the plaintiff, in addition to that which he has already given at law. The recognition, by this .Court, of the principle assumed in the bill, would convert it into a Court of common law jurisdiction in every case, where a debtor may be in failing circumstances or the plaintiff may have fears, just or not, that he will make way with his property.
 

 The bill must be dismissed with costs, including a solicitor’s fee for N. B. Taylor and the administrator Benjamin Taylor.
 

 Per Curiam.
 

 Bill dismissed with costs.